**JIU QING CHEN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–2145–AG.

United States Court of Appeals,
Second Circuit.

March 29, 2006.

Farah Loftus, Los Angeles, California, for Petitioner.

Gordon Cecil, Assistant United States Attorney, (Sheldon J. Sperling, United

States Attorney, Eastern District of Oklahoma, on the brief), Muskogee, Oklahoma, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Circuit Judges and Hon. DAVID G. TRAGER, District Judge.*

### SUMMARY ORDER

### SUMMARY ORDER

Jiu Qing Chen ("Chen"), a citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals decision of March 29, 2003 summarily affirming the decision of the Immigration Judge ("IJ") denying his application for asylum and withholding of removal under the Immigration and Nationality Act of 1952, see 8 U.S.C. §§ 1158(a), 1231(b)(3), and relief under Article 3 of the United Nations Convention Against Torture ("CAT"), adopted Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; 8 C.F.R. § 208.16. We assume the parties' familiarity with the facts, the procedural history, and the specification of issues on appeal.

This case presents two jurisdictional issues: (1) whether we have jurisdiction to review an "asylum only" decision (one where no formal order of removal has been entered) of the BIA; and (2) if we may review such a decision, was the petition timely filed within the thirty-day period following the entry of the BIA's final order. See 8 U.S.C. § 1252(b)(1). We need not resolve either of these issues because even assuming that jurisdiction is proper, see Abimbola v. Ashcroft, 378 F.3d 173, 180 (2d Cir.2004) (asserting hypothetical jurisdiction where, as here, the jurisdic-

tional issues related to statutory and not constitutional jurisdiction), we would deny Chen's petition.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. See, e.g., Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005); Yu Sheng Zhang v. U.S. Dep't of Justice, 362 F.3d 155, 158 (2d Cir.2004). We review the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Jin Hui Gao v. United States Att'y Gen., 400 F.3d 963, 964 (2d Cir.2005); Zhou Yun Zhang v. INS, 386 F.3d 66, 73–79 (2d Cir.2004). The IJ's rejection of an applicant's testimony as unworthy of credence must be based on "specific, cogent reasons" that "bear a legitimate nexus to the finding." Secaida–Rosales v. INS, 331 F.3d 297, 307 (2d Cir.2003).

In this case, substantial evidence supports the IJ's adverse credibility determination. Chen's claim rests on a single incident involving an altercation with the Chinese police officers when they attempted to arrest his mother for being a Falun Gong instructor. The IJ's credibility determination was based on specific examples in the record of inconsistencies between the three accounts of these events— Chen's testimony, his written application for asylum, and a letter submitted by a neighbor who allegedly witnessed the incident. Chen testified that he first encountered and began fighting with the police officers to prevent them from getting to his mother, who was in the kitchen of their house. In his asylum application, however, he wrote that he attempted to help his

* The Honorable David G. Trager, United States District Judge for the Eastern District of New York, sitting by designation.

mother *after* the police had begun to arrest her. The neighbor wrote that the police had begun beating Chen's mother with "electric sticks" before Chen arrived, from the kitchen, to assist his mother. In his testimony before the IJ, however, Chen made no mention of his mother being beaten, but rather stated that only he and his cousin (a character absent from Chen's application and the neighbor's letter) were injured. Moreover, the three accounts fail to agree on other basic facts, such as whether the neighbors arrived on the scene before or because of the commotion caused by the fight or even how many police officers came to arrest Chen's mother. As Chen's claim concerned only this single event, we find that the IJ's reasons for an adverse credibility determination are "specific, cogent," and bear a " 'legitimate nexus' to the finding." *See Zhou Yun Zhang*, 386 F.3d at 74.

Because claims for withholding of removal face a heavier burden of proof than claims for asylum, *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 71 (2d Cir.2004), an applicant who fails to establish eligibility for asylum necessarily fails to establish eligibility for withholding where, as in Chen's case, the applicant's testimony is the only evidence that his or her "life or freedom would be threatened" in the home country. 8 U.S.C. § 1231(b)(3)(A). Chen failed to raise his CAT claim before the BIA, and therefore we are without jurisdiction to address it. *See* 8 U.S.C. § 1252(d)(1); *Foster v. INS*, 376 F.3d 75, 78 (2d Cir.2004).

For the foregoing reasons, the petition for review is hereby DENIED. Respondent's motion to dismiss and petitioner's motion for a stay of removal are DENIED as moot.